**PHILLIPS DAYES LAW GROUP PC**
**ATTORNEYS AT LAW**
**Suite 1500**
**3101 North Central Avenue**
**Phoenix, Arizona 85012**
**(602) 288-1610**
minute_entries@phillipslaw.com

JOHN L. COLLINS
Arizona Bar No. 030351
johnc@phillipsdayeslaw.com
TREY DAYES
Arizona Bar No. 020805
treyd@phillipsdayeslaw.com
DAWN SAUER
Arizona Bar No. 030271
dawns@phillipsdayeslaw.com
SEAN DAVIS
Arizona Bar No. 030754
seand@phillipsdayeslaw.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

Amy McGough; Joshua Reyes; and Monte McRae;

Plaintiffs,

vs.

Phoenix AZ Power Sweep, Inc., an Arizona corporation; and Todd Woods and Michelle Woods, husband and wife;

Defendants.

Case No.: ____________________________

**COMPLAINT**

**JURY DEMAND**

This is an action for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and of the Arizona Wage Statute, A.R.S. § 23-350, *et seq.*

**NATURE OF THE CASE**

1. Plaintiff Amy McGough was discriminated against on the basis of her religion and wrongfully retaliated against and terminated in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. ("Title VII").

2. Defendants also failed to pay the wages of Plaintiffs McGough, Reyes, and McRae when those wages were due, in violation of Arizona's Wage Statute, A.R.S. § 23-350, *et seq.*

3. In addition, Defendants failed to pay Plaintiffs McGough, Reyes, and McRae, and all other employees, overtime compensation due to them pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

4. The Fair Labor Standards Act is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. *See* 29 U.S.C. §§ 206(a), 207(a).

5. Employers must compensate employees for all work that employers permit employees to perform. *See* 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. *See* 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. *Id.*

6. On information and belief, for at least three years prior to the filing of this action, Defendant had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

7. Prior to the filing of this action, Plaintiffs Amy McGough and Joshua Reyes each worked approximately twenty (20) hours in excess of forty (40) hours per week and were not paid time and one-half.

8. On information and belief, at all relevant times, each of the Defendants was the agent of each of the remaining Defendants, and that in engaging in the conduct complained of in this Complaint, each of the Defendants was acting within the course and scope of that agency, with the knowledge and consent or ratification of each of the remaining Defendants.

9. Plaintiffs and all similarly situated employees seek to recover unpaid overtime compensation and an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

**JURISDICTION AND VENUE**

10. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), 42 U.S.C. § 2000e-5, and 28 U.S.C. § 1331.

11. All conditions precedent to jurisdiction under 42 U.S.C § 2000e-5 have been met. Specifically, Plaintiff Amy McGough timely filed a charge of employment discrimination with the United States Equal Employment Opportunity Commission ("EEOC") alleging violations of Title VII. Plaintiff received a notice of right to sue Defendants. She commenced this action within ninety (90) days after receiving the notice of right to sue.

12. Defendants, by virtue of their own acts and omissions or by virtue of the acts and omissions of one or more of their agents, employees, or representatives, has conducted business or caused events to occur within the District of Arizona, and within Maricopa County, Arizona, giving rise to both subject matter and personal jurisdiction of this Court.

13. Venue is proper under 28 U.S.C. § 1391(b) because all of the events or omissions giving rise to the claims occurred in this District.

**PARTIES**

14. Each of the Plaintiffs is and continues to be a resident of Maricopa County.

15. On information and belief, Defendant Phoenix AZ Power Sweep, Inc., is an entity incorporated under the laws of the State of Arizona, with its principal place of business in Maricopa County, Arizona, and is subject to the jurisdiction of this Court.

16. On information and belief, at all times material hereto, Defendant Todd Woods and Defendant Michelle Woods are husband and wife, were and continue to be residents of Maricopa County, Arizona, and are subject to the jurisdiction of this Court.

17. On information and belief, Defendant Todd Woods engaged in conduct complained of herein for the benefit of his marital community, which is liable to Plaintiffs for the conduct complained of in this Complaint.

18. On information and belief, Defendant Todd Woods made all managerial and operational decisions on behalf of the business.

19. At all relevant times, each of the Plaintiffs was an "employee" of Defendants, as defined by 29 U.S.C. § 203(e)(1).

20. The provisions set forth in 29 U.S.C. § 207 of the FLSA apply to Defendants.

21. At all relevant times, each of the Defendants was and continues to be an "employer" as defined in 29 U.S.C. § 203(d).

22. Each of the Defendants should be deemed an "employer" for purposes of the FLSA including, without limitation, 29 U.S.C. § 216.

23. All Defendants are co-equally liable for all matters.

24. At all times material to this action, Defendant was and continues to be an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

25. On information and belief, at all relevant times, the annual gross revenue of Defendant exceeded, and continue to exceed, $500,000.00.

26. The additional persons who may become Plaintiffs in this action "worked" for Defendants, held similar positions as non-exempt employees, and worked at least one (1) hour in excess of forty (40) hours during one or more work weeks during the relevant time periods, and did not receive pay at one and one-half times their regular rate of pay for all of their hours worked in excess of forty (40) hours, or were misclassified as independent contractors.

## GENERAL ALLEGATIONS

27. Defendants hired Plaintiff Amy McGough ("Amy") in April 2013.

28. Within one month, Defendants promoted Amy to the position of Secretary and paid her a salary of $450.00 per week.

29. Amy's job duties included general secretarial duties, including answering telephones, directing calls to others, taking messages, and returning emails.

30. Defendants required Amy to be "on call" to receive telephone calls at any time, regardless of time of day or night.

31. Amy worked in the office approximately sixty hours per week beginning on May 15, 2013.

32. Defendants failed to compensate Amy at a rate one and one-half times her regular rate of pay for any time worked in excess of forty hours per week.

33. In April 2013, Defendants hired Plaintiff Joshua Reyes ("Josh") to perform computer and technical work.

34. Josh worked approximately forty-nine hours per week.

35. Defendants failed to compensate Josh at a rate one and one-half times his regular rate of pay for any time worked in excess of forty hours per week.

36. In fact, Defendants paid Josh only $311.00 for his work performed between April 2013 and August 1, 2013.

37. Defendants hired Amy's son, Plaintiff Monte McRae ("Monte") to work as a laborer, agreeing to pay Monte $8.00 per hour for eighteen hours of work that Monte performed and then $75.00 for another ten hour shift as a landscaper.

38. Defendants have failed to provide Monte with any pay for his work.

39. Amy and Josh were engaged to be married and lived together.

40. Defendant Todd Woods ("Woods") told Amy that he did not approve of her relationship with Josh for two reasons: Defendant Woods did not approve of Amy living with a man to whom she was not married; and Defendant Woods further did not approve of the fact that Amy and Josh had different nations of origin. Specifically, Amy is of Anglo-European descent while Josh has Hispanic roots.

41. Defendant Woods disapproval of Amy's relationship with Josh was based in his religious beliefs.

42. Defendant Woods attempted to interfere in Amy's and Josh's relationship.

43. For instance, on July 15, 2013, Defendant Woods gave Amy a pay raise to $630.00 per week and, in association with the pay raise, sent a letter to Amy's landlord stating that Amy earned enough to live on her own and no longer needed Josh living there with her.

44. Defendant Woods gave Amy literature and videos regarding his religion, unsolicited and unwelcomed.

45. Defendant Woods appeared at Amy's home one night, uninvited, and requested to bless her home.

46. Defendants assigned Amy to work on payroll as a part of her duties.

47. Defendants instructed Amy that she was not to pay any overtime to Defendants' employees.

48. Amy repeatedly requested that Defendants allow her to pay overtime at the appropriate rate, in compliance with the FLSA, and Defendants threatened to terminate her employment if she did so.

49. In addition to encouraging compliance with the FLSA, Amy encouraged and requested that Defendants comply with other laws. For instance, Defendants failed to post any labor law posters, OSHA forms, or MSDS data sheets. Defendants refused to come into compliance with the various laws.

50. At one point, and at her own expense, Amy purchased labor law posters, OSHA forms, and MSDS data sheets and posted them at the office. However, Defendants tore the sheets down and berated Amy.

51. On July 29, 2013, Amy reported to Defendants that some of the company's employees needed to be paid overtime.

52. Defendants again threatened to terminate Amy's employment if she

complied with the FLSA.

53. The ensuing payday, August 1, 2013, after Defendants denied yet another request to pay overtime compensation to Defendants' employees, Amy reported the failure to pay overtime to appropriate governmental officials.

54. In response, Defendants terminated Amy's employment.

55. Defendant Woods also provided Amy with a religious text as he was terminating her employment.

**COUNT ONE**
**RELIGIOUS DISCRIMINATION**
**(Violation of Title VII, 42 U.S.C. §2000e, *et seq.*)**

56. Plaintiffs incorporate and adopt paragraphs 1 through 54 above as if fully set forth herein.

57. Defendant discriminated against Amy in the terms and conditions of her employment because of her religion in violation of Title VII as a result of the discriminatory and hostile work environment created by Defendant Woods, a managerial employee of Defendants with decision making authority.

58. Title VII provides, in pertinent part, that it is an unlawful employment practice for an employer:

> [T]o fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2(a)(1).

59. Title VII further provides, in pertinent part, that it shall be an unlawful employment practice for an employer:

> [T]o limit, segregate or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2(a)(2).

60. Amy chooses not to practice the religion followed by Defendant Woods.

61. Defendant has engaged in unlawful discrimination and unlawful employment practices prohibited by 42 U.S.C §§ 2000e-2(a)(1), (2), including, but not limited to:

a. Treating Amy less favorably in the terms and conditions of her employment than individuals sharing the same religious beliefs as Defendant Woods; and

b. Creating a hostile work environment because of Amy's religion that was severe or pervasive to the extent that it substantially altered the terms and conditions of her employment.

62. Amy's religion was the sole or motivating factor in Defendants' treatment of Amy.

63. At all relevant times Amy was treated less favorably than her co-workers who did not share Defendant Woods' religious beliefs and was subjected to continuing hostile work environment.

64. As a direct result of the hostile work environment, Amy has suffered mental and emotional distress, pain and suffering, anger, depression, anxiety, humiliation, and embarrassment.

65. By virtue of one, more, or all of the foregoing violations of Title VII as alleged above, Amy is entitled to preliminary and permanent equitable and injunctive relief, including, but not limited to, all seniority, benefits, and back pay.

66. By virtue of one, or all of the foregoing violations of Title VII as alleged above, Amy has been damaged and suffered economic harm in the form of, but not limited to, lost wages and benefits, out-of-pocket expenses and monetary loss as well as non-economic damages all of which she is entitled to recover from Defendants plus pre-judgment interest, attorneys' fees and costs.

67. Defendants engaged in conduct in reckless indifference to Amy's federally protected rights, so Amy is entitled to recover punitive damages.

68. Amy has retained the law firm of Phillips Dayes Law Group, P.C., to represent her in this litigation and has agreed to pay a reasonable fee for the services rendered in the prosecution of this action on her behalf.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor, and against Defendants:

A. Awarding Plaintiffs damages for back pay, front pay, lost compensation and benefits, and other relief to be determined by the trier of fact;

B. Awarding Plaintiffs economic and non-economic damages in an amount to be determined by the trier of fact;

C. Awarding Plaintiffs special, incidental, and consequential damages in an amount to be determined by the trier of fact;

D. Awarding Plaintiffs punitive and exemplary damages in an amount to be determined by the trier of fact;

E. Awarding Plaintiffs pre- and post-judgment interest;

F. Awarding Plaintiffs attorneys' fees and costs pursuant to 42 U.S.C. §§ 1988, 2000e-5(k); and

G. Awarding Plaintiff such other and further relief as the Court deems just

and equitable under the circumstances.

**COUNT TWO**
**OVERTIME VIOLATION**
**(Violation of 29 U.S.C. § 207)**

69. Plaintiffs incorporate and adopt paragraphs 1 through 66 above as if fully set forth herein.

69. While employed by Defendants, Amy and Josh, and all similarly situated employees, consistently and regularly worked multiple hours of overtime per week.

70. Amy and Josh were non-exempt employees.

71. Defendants have intentionally failed and refused to pay Amy and Josh, and all similarly situated employees, overtime according to the provisions of the FLSA.

72. On information and belief, Defendants further engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Amy and Josh, and all similarly situated employees, in accordance with 29 U.S.C. § 207.

73. There are numerous similarly situated employees and former employees of Defendants who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of Court-Supervised Notice of the present lawsuit and the opportunity to join the present lawsuit.

74. Those similarly situated employees are known to Defendants and are readily identifiable and locatable through Defendants' records.

75. As the direct and proximate result of Defendants' violations of the FLSA, Plaintiffs have suffered damages by failing to receive compensation in accordance with 29 U.S.C. § 207.

76. Pursuant to 29 U.S.C. § 216, Defendants are liable to Plaintiffs for an amount equal to one and one-half times their regular pay rates for each hour of overtime worked per week.

77. In addition to the amount of unpaid wages owed to Amy and to Josh, each is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

78. On information and belief, Defendants' conduct in failing to properly compensate Plaintiff, in violation of the FLSA, was willful.

79. Defendants have not made a good faith effort to comply with the FLSA.

80. Plaintiffs have been required to bring this action to recover their federal overtime wages remaining due and unpaid, and statutory liquidated damages, and as the direct and foreseeable result of Defendants' conduct, Plaintiffs have incurred costs and attorneys' fees.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against Defendants:

A. Awarding Plaintiffs overtime compensation in the amount due for all of their time worked in excess of forty (40) hours per week at a pay rate equal to one and one-half times Plaintiff's regular rates of pay while at work for Defendant, in an amount proved at trial;

B. Awarding Plaintiffs liquidated damages in an amount equal to the overtime award;

C. Awarding Plaintiffs reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

D. Awarding Plaintiffs pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

E. Awarding Plaintiffs post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

F. For such other and further relief as the Court deems just and proper.

**COUNT THREE**
**MISCLASSIFICATION AS INDEPENDENT CONTRACTOR**

70. Plaintiffs incorporate and adopt paragraphs 1 through 70 above as if fully set forth herein.

71. Plaintiffs and all similarly situated employees' working relationships with Defendants were as employees.

72. Defendants misclassified Josh and all similarly situated employees as independent contractors.

73. In addition to providing Defendants with presumed justification to violate the overtime provisions of the FLSA, the misclassification also allowed Defendants not to pay employment taxes, shifting the burden onto Josh and all similarly situated employees in the form of self-employment taxes.

74. As a direct and proximate result of the misclassification, Plaintiffs and all similarly situated employees are entitled to compensation for payment of excess taxes and other lost benefits of the employer/employee relationship.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor, and against Defendants:

A. Awarding Plaintiffs and all similarly situated employees the difference between the amount that should have been taxed if Plaintiffs were

appropriately classified and the amount that Plaintiffs actually paid in self-employment tax;

B. Awarding Plaintiffs and all similarly situated employees liquidated damages in an amount equal to the self-employment tax award;

C. Awarding Plaintiffs and all similarly situated employees reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

D. Awarding Plaintiffs and all similarly situated employees their costs and attorneys' fees incurred in this action;

E. Awarding Plaintiffs and all similarly situated employees pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (A) and (B) above from the date of the payment due for that pay period until paid in full;

F. Awarding Plaintiffs and all similarly situated employees post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full;

G. For such other and further relief as the Court deems just and equitable under the circumstances.

**COUNT FOUR**
**RETALIATION**
**(Violation of the FLSA, 29 U.S.C. § 215(a)(3))**

75. Plaintiff incorporates and adopts paragraphs 1 through 50 above as if fully set forth herein.

76. The FLSA prohibits employers from retaliating against its employees for asserting their rights under the statute, as follows:

> . . . [I]t shall be unlawful for any person—
>
> . . . .
>
> (3) to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding . . . .

29 U.S.C. § 215(a)(3).

77. Improper retaliation includes not just formal complaints with a Court or the Department of Labor but also includes informal complaints to an employer. *See Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1151 (9th Cir. 2000).

78. Defendants retaliated against Amy for exercising her rights under the FLSA.

79. Specifically, and without limitation, Amy exercised her rights by making repeated reports and complaints to Defendants of the need to comply with the FLSA and to pay overtime to all employees, including Amy herself, and by making a report to a governmental agency regarding Defendants' failure to pay overtime as required by the FLSA.

80. Without limitation, Defendants discriminated and retaliated against Amy by, without limitation, terminating her employment.

81. As the direct and proximate result of Defendants' conduct, Amy has suffered emotional distress and mental anguish, and Amy has lost wages, including both back pay and front pay.

82. As the direct and proximate result of Defendants' retaliatory conduct, Amy is entitled to compensatory damages, punitive damages, attorneys' fees and costs, and all other legal or equitable relief permitted under 29 U.S.C. § 216.

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in her favor, and against Defendants, as follows:

A. Awarding Plaintiff damages for her back pay, front pay, lost compensation and benefits, and other relief to be determined by the trier of fact;

B. Awarding Plaintiff economic and non-economic damages in an amount to be determined by the trier of fact;

C. Awarding Plaintiff special, incidental, and consequential damages in an amount to be determined by the trier of fact;

D. Awarding Plaintiff punitive and exemplary damages in an amount to be determined by the trier of fact;

E. Awarding Plaintiff such legal or equitable relief as may be appropriate to effectuate the purposes of 29 U.S.C. § 215(a)(3), including, without limitation, employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages;

F. Awarding Plaintiff pre-judgment and post-judgment interest;

G. Awarding Plaintiff attorneys' fees and costs pursuant to 29 U.S.C. § 216; and

H. Awarding Plaintiff such other and further relief as the Court deems just and equitable under the circumstances.

**COUNT FIVE**
**DECLARATORY JUDGMENT**

83. Plaintiff incorporates and adopts paragraphs 1 through 69 above as if fully set forth herein.

84. Plaintiff and Defendants have an employment and wage dispute pending.

85. The Court has jurisdiction to hear Plaintiffs' request for declaratory relief pursuant to the Declaratory Judgments Act, 28 U.S.C. §§ 2201–02.

86. Plaintiff is entitled to declarations, and respectfully requests that the Court make declarations as the following matters and as to other matters deemed appropriate by the Court:

a. Plaintiffs were employees entitled to the protections of Title VII;

b. Defendants are employers subject to the requirements of Title VII;

c. Defendants employed Plaintiffs;

d. Plaintiffs are members of a protected class;

e. Defendants, individually and by and through their officers, agents, and employees, discriminated against Plaintiffs on the basis of religion;

f. Defendants are liable to Plaintiff for compensatory, economic, non-economic, general, special, incidental, punitive, and other such categories of damages as a result of their willful, reckless, and intentional conduct;

g. Defendants are liable to Plaintiffs for back pay, front pay, lost benefits, and other such measures of damages;

h. Defendants' conduct, individually and through their officers, agents, and employees, was extreme and outrageous;

i. Defendants, individually and by and through their officers, agents, and employees, intended to cause Plaintiffs emotional distress or recklessly disregarded the near certainty that such distress would result from their conduct;

j. As the direct and proximate result of Defendants' conduct, and the conduct of their officers, agents, and employees, Plaintiffs suffered severe emotional distress;

k. Plaintiffs are entitled to damages for Defendants' extreme and outrageous conduct causing emotional distress;

l. Plaintiffs earned wages to which they was entitled to payment from Defendants;

m. Defendants failed and refused to make payment to Plaintiffs of these wages on the dates such payments were due;

n. Plaintiffs are entitled to treble the amount of unpaid wages pursuant to A.R.S. § 23-355;

o. Defendants employed Plaintiffs and were subject to the provisions of the FLSA;

p. Plaintiffs were non-exempt employees;

q. Plaintiffs worked hours in excess of forty hours per week;

r. Defendants failed to pay Plaintiffs at a rate of one and one-half times their regular rates of pay for each hour worked in excess of forty hours per week;

s. Plaintiffs are entitled to payment of their overtime compensation plus an equal amount as liquidated damages; and

t. Plaintiffs are entitled to recover costs and attorneys' fees incurred in this action.

87. It is in the public interest to have these declarations of rights recorded as Plaintiffs' declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue and preventing future harm.

88. The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against Defendants:

A. Declaring, pursuant to 28 U.S.C. § 2201, that the acts and practices complained of herein are in violation of Arizona and Federal law;

B. Awarding Plaintiff her reasonable attorneys' fees and the costs and expenses of the litigation; and

C. Awarding Plaintiff such other and further relief, pursuant to 28 U.S.C. § 2202, as the Court deems just and equitable under the circumstances.

**DEMAND FOR JURY TRIAL**

Plaintiffs and all similarly situated employees hereby request that, upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated: February 17, 2014

Respectfully submitted,

**PHILLIPS DAYES LAW GROUP PC**

By: /s/ John L. Collins

John L. Collins
Arizona Bar No. 030351
johnc@phillipsdayeslaw.com
Attorney for Plaintiffs