**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Amy McGough; Joshua Reyes; and Monte McRae,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>Phoenix AZ Power Sweep, Inc., an Arizona corporation; and Todd Woods and Michelle Woods, husband and wife,<br><br>　　　　　Defendants. | No. CV-14-300-PHX-LOA<br><br>**ORDER** |

　　　　The Court has received the Notice of Bankruptcy Filing, informing the Court and other parties herein that Defendant Phoenix AZ Power Sweep, Inc., has filed a Petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Arizona, Case No. 2:14-bk-00386-SSC. (Doc. 7) By virtue of the automatic stay imposed under 11 U.S.C. § 362(a)(1) with the filing of the Bankruptcy Petition, all pending matters against Defendant Phoenix AZ Power Sweep, Inc. are, and will be, stayed until further order of the Court. *See* 11 U.S.C. § 362(a)(1); *O'Donnell v. Vencor Inc.*, 466 F.3d. 1104 (9th Cir. 2006). Because the Bankruptcy Court's automatic bankruptcy stay applies to only Defendant Phoenix AZ Power Sweep, Inc., the Court expects Plaintiffs to continue the prosecution of this case against the other two defendants. If Plaintiffs desire a stay of this entire case because the subject Bankruptcy Petition, they must move to do so promptly.

　　　　Accordingly,

　　　　**IT IS ORDERED** placing the claims alleged in this case against Defendant Phoenix

AZ Power Sweep, Inc. only on inactive status until **August 25, 2014** (180 days).

The claims against Defendant Phoenix AZ Power Sweep, Inc. may be dismissed without prejudice and further notice on **August 25, 2014** (180 days), pursuant to Rule 41(b) (lack of prosecution) unless prior to the scheduled dismissal date Plaintiffs demonstrate they have moved to lift the bankruptcy stay, but the request has not been ruled upon or has been denied; have sought to reduce the claim(s) against the debtor to judgment in the Bankruptcy Court in an adversary proceeding and the adversary proceeding has not yet been resolved despite Plaintiffs' due diligence in seeking such a resolution; obtained severance of the claim(s) against the debtor from the claim(s) against the other parties to this action; or demonstrated a reasonable basis for continuance of the claims alleged against Defendant Phoenix AZ Power Sweep, Inc. on inactive status. *See O'Donnell*, 466 F.3d. at 1108 ("Although [t]he general rule is that actions taken in violation of an automatic stay are void, the dismissal for failure to prosecute was not void because it did not constitute a continuation of a judicial proceeding against the debtor under 11 U.S.C. § 362(a)(1).").

Any party may request the Court to schedule an informal status conference before the 180-day period expires to inform the Court what action, if any, has been undertaken in the Bankruptcy Court that would permit the claim(s) against Defendant Phoenix AZ Power Sweep, Inc. to proceed.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to provide a copy of this Order to Mr. Allan D. NewDelman, Attorney for Debtor/Defendant Phoenix AZ Power Sweep, Inc.

Dated this 11th day of March, 2014.

_____
Lawrence O. Anderson
United States Magistrate Judge